IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

SPENCER MASON                                                                                          PETITIONER

v.                                         Case No. 5:22-CR-50008-001 TLB

UNITED STATES                                                                                          RESPONDENT

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Petitioner Spencer Mason ("Mason") filed his U.S.C § 2255 Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody on November 27, 2023 (ECF No. 45). The Motion was referred to the undersigned for Report and Recommendation pursuant to Rule 72.1 (VII)(B)(1) of the Local Rules for the United States District Court for the Eastern and Western Districts of Arkansas. The United States ("Respondent") filed a response on December 28, 2023, (ECF No. 48) and the matter is now ripe for consideration.

**I.        Procedural Background**

On November 8, 2021, the 4th Judicial District Drug Task Force received information from a confidential informant that Mason on the previous evening, November 7, 2021, Mason was driving a stolen Chevrolet Malibu and distributing large amounts of methamphetamine with a 9-millimeter pistol in his possession. (ECF No. 26). Law enforcement located Mason in Springdale in the stolen vehicle and attempted a traffic stop. Mason fled at rates up to 90 miles per hour, ran traffic lights, drove the wrong way and then through a fence. At some point during the pursuit, Mason tossed the 9-millimeter pistol into a residential yard before crashing into a semi-truck. Upon search of the vehicle, law enforcement found a syringe, a spoon with residual amounts of methamphetamine, and stolen tools. The officers retrieved the discarded pistol. Mason

acknowledged both that the pistol had been in possession and that he was prohibited from being in possession of a firearm due to his felon status.

On March 31, 2022, Mason appeared before U.S. District Judge Timothy Brooks where he pled guilty to the felon in possession charge. (ECF Nos. 18, 19). At his July 29, 2022, sentencing hearing, Mason was sentenced to 63 months imprisonment, an upward variance from the Sentencing Guidelines' recommended range of 46-57 months. (ECF No. 44). Mason appealed to the Eighth Circuit, asserting that the imposed sentence was substantively unreasonable. (ECF No. 34). The appellate court affirmed Mason's sentence by decision of April 28, 2023, finding the developed record supported Judge Brooks' finding that Mason's history of substance abuse, mental health history, and extensive criminal history demonstrated that Mason was a continued threat to public safety. (ECF No. 44-1). Mason now seeks relief pursuant to 28 U.S.C. § 2255.

## II.    Petition for Habeas Corpus

A federal prisoner who believes that his sentence is in violation of the Constitution or laws of the United States, or that the sentence exceeded the maximum sentence by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence. 28 U.S.C. § 2255(a). The court may grant the motion if it finds the judgment was not authorized by law or if there is such a denial or infringement on the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack. 28 U.S.C. § 2255(b).

Mason alleges a single ground for habeas relief under 28 U.S.C. § 2255. (ECF No. 45). Mason says that the violation of 18 U.S.C § 922(g)(1) is unconstitutional as applied to him as § 922(g)(1) violates the Second Amendment of the Constitution under the Supreme Court's ruling in *Bruen*. *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1, 6 (2022). Mason cites in support a decision of the Third Circuit Court of Appeals which examined this statute post-*Bruen*.

(ECF No. 45 p. 3). In *Range v. Attorney General*, the Third Circuit held, in an *en banc* decision, that 18 U.S.C. § 922(g)(1) was unconstitutional when applied to nonviolent, non-dangerous offenders. *Range v. Att'y Gen. United States of Am.*, 69 F.4th 96, 98 (3d Cir. 2023).

### III.  Discussion

This Court's review of the § 2255 Petition and the records of Mason's case conclusively illustrate that he is not entitled to relief, and the undersigned recommends denial and dismissal of his § 2255 Motion with prejudice and without conducting an evidentiary hearing.

#### A.  Timeliness

Section 2255(f) imposes a 1-year limitations period for the filing of motions, and this limitations begins to run from the latest of four points: 1) the date on which the judgment of conviction becomes final; 2) the date on which the impediment to making a motion created by the governmental action in violation of the Constitution or law of the United States is removed, if the movant was prevented from making a motion by such governmental action; 3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or 4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. *Id*.

Mason timely filed his § 2255 Motion on November 27, 2023, within the 1-year period of finality of his conviction, and thus, the timeliness of Mason's Motion is not at issue.

#### B.  Procedural Default

Mason seeks habeas relief by challenging the constitutionality of 18 U.S.C. § 922(g), the statute under which he was convicted, in light of the Supreme Court's ruling in *Bruen*. Because Mason did not raise this error on direct appeal, despite *Bruen*'s decision pre-dating his appeal by two months, he procedurally defaulted from raising the claim here. Section 2255 petitions do not

function as a second direct appeal, and issues raised for the first time in a habeas proceeding are procedurally defaulted unless the defendant demonstrates cause for the default and prejudice or demonstrates actual innocence. *United States v. Meeks*, 742 F.3d 841, 857 (8th Cir. 2014); *United States v. McNeal*, 249 F.3d 747, 749 (8th Cir. 2001).

### 1. Cause and Prejudice

Mason cannot demonstrate adequate cause for failing to raise the issue of the constitutionality of his conviction under § 922(g) on his direct appeal. As mentioned above, the ruling in *Bruen* was handed down on June 23, 2022, a month prior to Mason's sentencing hearing before Judge Brooks. *Bruen*, 597 U.S. at 1. As Respondent correctly notes, this was a full two months prior to Mason's notice of appeal to the Eighth Circuit and three months before Mason's briefing was due. (ECF No. 40). Any claim under *Bruen* became viable when the Supreme Court issued its decision. Therefore, Mason's failure to raise *Bruen* (i.e., to argue that his conviction under § 922(g) violated his constitutional rights) at his sentencing hearing on July 29, 2022, and during his appeal means that he procedurally defaulted the claim.

Even if Mason were able to show cause, this is merely step one of the analyses. Mason must also demonstrate prejudice, which he is unable to do. To demonstrate prejudice, a defendant must show that an error "worked to his actual and substantial disadvantage." *Jones v. United States*, 39 F.4th 523, 526 (8th Cir. 2022). This disadvantage is shown when there is "reasonable probability that his conviction or sentence would have been different" absent the error. *Strickler v. Greene*, 527 U.S. 263, 296 (1999). In this instance, Mason cannot show any such error. As will be discussed below, the Eighth Circuit has discussed the constitutionality of § 922(g) and has rejected the very reading Mason advances in his Motion. *United States v. Jackson*, 69 F.4th 495, 504 (8th Cir. 2023) (holding that a defendant convicted of non-violent drug offenses was "not a

4

law-abiding citizen" and history supported the authority of Congress to prohibit possession of firearms by persons like defendant "who have demonstrated disrespect for legal norms of society"). *Jackson* specifically rejected the reasoning in *Range,* and even had it not, Mason does not fall within *Range'*s narrow confines. *Range*, 69 F.4th at 106. Mason fails to demonstrate cause and prejudice which would exempt him from procedural default.

2. *Actual Innocence*

Similarly, Mason cannot demonstrate actual innocence to overcome his procedural default. Actual innocence means "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). An actual innocence claim is "not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *Wadlington v. United States*, 428 F.3d 779, 783 (8th Cir. 2005) (quoting *Schlup v. Delo*, 513 U.S. 298, 315 (1995)).

Mason alleges he is actually innocent of any crime since he was "charged and convicted for simply exercising his rights under the Second Amendment…" (ECF No. 45). This is not, however, the innocence standard defined under either *Bousley* or *Schlup*. *Bousley*, 523 U.S. at 623; *Schlup*, 513 U.S. at 315. As Respondent noted, even the assertion that Mason was exercising his Second Amendment rights implicitly confirms that Mason is not factually innocent and was, in fact, in possession of a firearm at the time of his arrest, as he admitted during his guilty plea hearing. (ECF Nos. 18, 19, 48). Similarly, Mason does not contest his prior felony conviction. (ECF No. 45). Mason has not and cannot demonstrate that he is actually innocent of the felon in possession of a firearm charge.

Because Mason can demonstrate neither cause nor prejudice or actual innocence to excuse his procedural default of his claim, his § 2255 Motion must be denied. Moreover, for reasons set forth below, Mason's Motion should be denied on the merits.

### C.     Felon in Possession of a Firearm

Mason argues he was improperly charged under the felon in possession of a firearm statute because the statute is unconstitutional as applied to him, relying on the Third Circuit's decision in *Range* to support this contention. There are two problems with this reliance. First, the holding in *Range* is too narrow to pertain to Mason, particularly considering his criminal history. *Range*, 69 F.4th at 106. And more importantly, the controlling precedent in the Eighth Circuit vitiates Mason's claim that § 922(g) has been rendered unconstitutional. *Jackson*, 69 F.4th at 498.

The Third Circuit in *Range* noted that its holding was a "narrow one" which held § 922(g)(1) unconstitutional only as it applied to the defendant before that court. *Range*, 69 F.4th at 106. In *Range*, the defendant was convicted of one count of making a false statement to obtain food stamps in violation of Pennsylvania law. *Range*, 69 F.4th at 98. This was the extent of the defendant's criminal activity other than minor traffic and parking violations and a summary offense for fishing without a license. *Id*. The Third Circuit placed a considerable amount of weight on the defendant's lack of criminal history and the absence of any violent offenses on his record. *Id* at 102. Here, unlike the defendant in *Range*, Mason has an extensive criminal history along with a history of substance abuse and mental health issues. These circumstances were relied upon by Judge Brooks when deciding to vary above the Sentencing Guidelines' range, and by the Eighth Circuit when affirming Mason's sentence. (ECF No. 44). The narrow holding of *Range* cannot be read expansively to encompass the facts of Mason's case. *Range*, 69 F.4th at 106. *Range* is simply inapplicable.

Even were Mason to fit within the narrow confines of *Range*, the governing decision of the Eighth Circuit in *Jackson* summarily rejected the Third Circuit's holding. *Jackson*, 69 F.4th at 505. In its analysis of § 922(g), the *Jackson* court refused to stray from the idea that "legislatures traditionally employed status-based restrictions to disqualify categories of persons from possessing firearms" and that means-ends analysis is not necessary. *Id.* The Eighth Circuit determined that there was "no need for felony-by-felony litigation regarding the constitutionality of § 922(g)(1)." *Id.* at 502. Instead, the appellate court held that the "law-abiding" language as it was cited in *Bruen* was not meant to include those "unwilling to obey the government and its laws, whether or not they had a demonstrated a propensity for violence." *Id.* at 502 (citing language in *Range v. Att'y Gen.*, 53 F.4th 262, 269 (3d Cir. 2022) which was vacated in the *en banc* proceeding). The Eighth Circuit looked to historical regulations of firearm possession as instructed by *Bruen* and found that:

> In sum, we conclude that legislatures traditionally employed status-based restrictions to disqualify categories of persons from possessing firearms. Whether those actions are best characterized as restrictions on persons who deviated from legal norms or persons who presented an unacceptable risk of dangerousness, Congress acted within the historical tradition when it enacted § 922(g)(1) and the prohibition on possession of firearms by felons. Consistent with the Supreme Court's assurances that recent decisions on the Second Amendment cast no doubt on the constitutionality of laws prohibiting the possession of firearms by felons, we conclude that the statute is constitutional as applied to Jackson.

*Jackson*, 69 F.4th at 505-06. Additionally, the Eighth Circuit noted that the language in *Bruen* "should not be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons." *Bruen*, 597 U.S. at 6 (quoting *District of Columbia v. Heller*, 5544 U.S. 570, 626 (2008)). Considering this clear precedent of the Eighth Circuit, and recognizing the distinction and inapplicability of *Range*, Mason's Motion for relief premised upon the unconstitutionality of § 922(g)(1) must be denied.

For the reasons stated herein, it is recommended that Petitioner's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (ECF No. 45) be **DENIED** and **DISMISSED WITH PREJUDICE**. It is further recommended that a Certificate of Appealability be denied.

**The parties have fourteen (14) days from the receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely written objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**RECOMMENDED** this 13th day of March 2024.

*Christy Comstock*
**CHRISTY COMSTOCK**
**U.S. MAGISTRATE JUDGE**